THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE C. SIMONDS, Plaintiff in Error.

*Opinion filed June 21, 1912.*

BONDS—*bondsmen of State Auditor and State Treasurer are liable for registered bond fund appropriated by them.* The State Treasurer and the Auditor of Public Accounts had no right to receive from the State treasury, in addition to their salary, clerk hire and other expenses fixed by law and appropriated by the legislature, any part of the amount collected by the State as costs of collecting and disbursing the registered bond fund, and their bondsmen are liable for the amount of said fund appropriated by them to their own use. (*Whittemore* v. *People,* 227 Ill. 453, and *People* v. *Whittemore,* 253 id. 378, adhered. to.)

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding.

This was an action of debt commenced by the Attorney General, in the name of the People, upon the official bond of Charles P. Swigert, who was Auditor of Public Accounts of this State for the years 1881, 1882, 1883 and 1884, to recover the amount of two warrants issued by Swigert, as Auditor, to himself, one bearing date September 30, 1882, for $10,302.90, and the other bearing date September 30, 1884, for $10,909.03, against a fund then in the State treasury and known as the "local or registered bond fund," and which warrants were countersigned by the State Treasurer and paid by him out of said fund to Swigert without any appropriation having been made for their

payment by any act of the legislature, and which sums so paid were in excess of the salary of the said Auditor and of the amount appropriated for the expenses of his office. Charles P. Swigert, the principal, and John G. Knecht and Warren R. Hickox, two of his sureties, were dead at the time suit was commenced, and the only person served with process was George C. Simonds, who was the sole surviving obligor. He demurred to the declaration, and upon the demurrer being overruled he filed the general issue (which was subsequently withdrawn) and four special pleas. To the special pleas a demurrer was sustained, and he having stood by his pleas, a judgment for damages in the sum of $24,747.23 was rendered against him, and he has sued out this writ of error from this court to review said judgment on the ground the part of section 5 of chapter 113 of the Revised Statutes under and by virtue of which the money sued for was levied and collected is unconstitutional.

W. R. HUNTER, for plaintiff in error.

W. H. STEAD, Attorney General, (JOHN SMALL, and B. F. LINCOLN, of counsel,) for the People.

Per CURIAM: The right of the State Treasurer and Auditor of Public Accounts to receive out of the State treasury, in addition to their salaries, clerk hire and other expenses fixed by law and appropriated· by the legislature, the amount, in whole or in part, collected by the State as costs for collecting and disbursing the registration bond fund, was in controversy for many years in this State, but that question has finally been settled and determined adversely to the right of the State Treasurer and Auditor of Public Accounts to receive said fund, or any part thereof, by the decision of this court in two well-considered cases, (*Whittemore* v. *People,* 227 Ill. 453, and *People* v. *Whittemore,* 253 id. 378,) and the judgment of the trial court

being in accord with the decisions of this court in those cases upon that question, the judgment of that court must be affirmed unless this court is ready to overrule its former decisions, which we are not disposed to do. While the ingenuity of counsel has upon this record presented the question of the right of said public officials to retain the whole or a part of the said fund as compensation, in addition to their compensation fixed by law, from a different standpoint from what that question was presented when the former cases involving the same question were under consideration, we have discovered nothing new in the argument of counsel or anything therein which discloses the unsoundness of our former decisions or which should cause us to modify or limit the effect of the opinions filed in those cases. While every phase of plaintiff in error's argument made in this case may not have been specifically answered in the opinions filed in those cases, it will be found on an analysis of those opinions that they cannot stand and any one of plaintiff in error's arguments be held to be sound. It is therefore obvious that every question raised upon this record was disposed of in those cases. We are therefore of the opinion that the plaintiff in error is foreclosed by the opinions filed in those cases, and as we are not disposed to recede from the position there taken,—that is, that the bondsmen of a State Treasurer or Auditor of Public Accounts who has appropriated any part of said fund to his own use must respond to the State for the misappropriation of said fund by their principal,—it would serve no useful purpose to re-state the reasons which heretofore forced us to the conclusion at which the court arrived in the two *Whittemore cases.*

For the reason stated the judgment of the circuit court will be affirmed.                                    *Judgment affirmed.*